Ex parte Upshaw.

---

# Ex Parte UPSHAW.

[APPLICATION FOR HABEAS CORPUS.]

1. *Act changing line between Russell and Barbour county ; not unconstitutional.*—The act "to change the line between the counties of Russell and Barbour," approved December 31st, 1868, is not unconstitutional.

·Ex parte Upshaw.

The constitution does not forbid the incorporation into a law of every-thing needful to the proper operation of the one subject to which it is limited.

THIS was an application to this court by John Upshaw, for a writ of *habeas corpus* to obtain his discharge from custody, on a warrant issued by a justice of the peace of Russell county, against said Upshaw, on a charge of assault and battery, the same having been denied by the probate judge of Russell county. The other facts of the case will be found in the opinion.

SHORTER & BRO., for petitioner.
E. HERNDON GLENN, *contra*.

B. F. SAFFOLD, J.—The applicant claims to be dis-charged from custody, because he was arrested in Barbour county, under a warrant issued by a justice of the peace of Russell county, not endorsed as required by law. Without inquiring whether for this reason alone he was entitled to be discharged, if the commission of any offense for which he ought to be arrested was proven against him, we will at once determine the question upon which a decision of this court is sought.

The probate judge, to whom the application was first made, held that the offense charged was committed in that portion of Barbour county which was attached to Russell county, by an act of the legislature passed in 1868, and the prisoner was arrested there on a warrant issued by a justice of the peace of Russell county, and, therefore, he was legally in custody. This is admitted by the prisoner, unless the act referred to is, as he claims, unconstitutional.

The said act is entitled, "An act to change the line be-tween the counties of Russell and Barbour." It contains two sections. The first adds to Russell county a described and defined portion of Barbour county. The second is as follows: " Sec. 2. Be it enacted, That all taxes due from the now inhabitants of said county of Barbour be, and is hereby required to be paid over to the proper tax collector of the county of Barbour, with the taxes for the year 1869, and that from and after the passage of this act, the

persons residing above said line have citizenship in the county of Russell."—Acts 1868, p. 524.

The provision of the constitution said to be violated, is the second section of Article IV, requiring, among other things, that " each law shall contain but one subject, which shall be clearly expressed in its title." This requirement of the constitution was designed to remedy a very great evil, and not to impose harassing and ensnaring restrictions upon proper legislation. It may be troublesome to the careless and indifferent legislator, and a barrier to the unscrupulous one; but it never can be injurious to the people. The legislator knows what law he proposes to alter or amend, and in what respect he wishes to revise it. What is more reasonable than to require him to set out the act or section to be revised, and the amendment in such connection, that all may see at once the full extent of the change in the law they must be presumed to know, whether they do or not. For the same reason, and to avoid entrapping the people, he ought to be required to embrace in one law but one subject, which shall be clearly expressed in its title. The additional expenditure, if any, occasioned, is too insignificant to mention in comparison with the manifold evils sought to be prevented.

It would be a violation of the letter and spirit of 'this constitutional safeguard, if such a construction should be put upon it as would forbid the incorporation into a law of every thing needful to the proper operation of the one subject to which it is limited. The addition of a considerable number of the inhabitants of one county to another, would necessarily involve changes in their rights and duties which, with eminent propriety, are adjusted in this act. The law is not unconstitutional.

The application is denied.