# Walker *v.* The State.

*Indictment for Wilful Destruction of Personal Property subject to Mortgage.*

*Constitutionality of Act of February* 1, 1872, *" to restrict the sale of personal property in certain cases.* — The provision contained in the act approved February 1st, 1872, entitled " An act to restrict the sale of personal property in certain cases " (Sess. Acts 1871–2, p. 83), which declares the wilful destruction of personal property, on which there is an unsatisfied mortgage or lien given by the person so destroying it, punishable as a misdemeanor, is foreign to the subject expressed in the title, and is, for that reason, unconstitutional and void; but the other provisions of said act, being separable from said unconstitutional provision, are not affected by its invalidity.

FROM the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

The indictment in this case charged that the defendant " did sell, convey, or wilfully destroy a cow, upon which personal property he had given a written morgage, lien, or deed of trust, to B. F. Petty & Son, and which was then unsatisfied in whole or in part, without first obtaining the consent of the lawful holder thereof to such sale, conveyance, or destruction." On the trial, as the bill of exceptions shows, the State proved that the defendant, within the time covered by the indictment, killed a cow on which there was an unsatisfied mortgage given by him to B. F. Petty & Son, and sold the flesh for beef; and he was thereupon convicted, under the charge of the court, to which he reserved an exception.

D. M. SEALS, for the defendant.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The appellant was indicted under the statute approved February 1, 1872, entitled, " An act to restrict the sale of personal property in certain cases." Pamph. Acts 1871–2, p. 83. On the trial the evidence tended only to prove a wilful destruction of personal property by the appellant, on which there was an unsatisfied mortgage executed by him. It is now insisted that so much of this statute as converts into a misdemeanor the wilful destruction of personal property subject to lien is foreign to the title, and offensive to that clause of the second section of the fourth article of the

[Walker v. State.]

Constitution, which declares, " Each law shall contain but one subject which shall be clearly expressed in its title."

The object sought to be accomplished, and the mischief proposed to be remedied by this provision, are well known. Judicial construction, whether of a statute or constitution, must conform to the intent of the law given. That is its only office. In England, the title or preamble of an act of parliament is not regarded as part of the act, and is said usually to be framed by the clerk of the house in which the bill originates. In this country, the title or preamble proceeds from the legislature, and was always regarded as a mere formal part of the statute, to which courts would look, in cases of doubt or ambiguity, to aid in construction. Potter's Dwarris, 102. In the absence, however, of constitutional provision, a statute was not objectionable because its title did not indicate its subject matter, or because the body of the statute was a total departure from the subject expressed in the title. Legislative assemblies for the dispatch of business often pass bills by their titles only, without requiring them to be read. A specious title sometimes covered legislation which, if its real character had been disclosed, would not have commanded assent. To prevent surprise and fraud on the legislature is one of the purposes this provision was intended to accomplish. Before the adoption of this provision, the title of a statute was often no indication of its subject or contents. The incongruous provisions, having no reference to the matter specified in the title, with which congressional legislation abounds, is commented on by Mr. Justice Field, in the case of *Hadden* v. *The Collector* (5 Wallace, 110), and he notices, among others, two remarkable instances : " The law declaring that, in the courts of the United States there shall be no exclusion of any witness on account of color, nor, in civil actions, when he is a party to, or interested in the issue tried, is contained in a proviso to a section in the Appropriation Act of 1864, — the section itself directing an appropriation for detecting and punishing the counterfeiters of the securities and coin of the United States." And the learned justice says : " The most important act in our legislation relating to the mining interests of the country stands on the statute book under a title purporting that the act grants a way to ditch and canal owners over the public lands, and for other purposes."

An evil this constitutional requirement was intended to correct was the blending in one and the same statute of such things as were diverse in their nature, and were connected only to combine in favor of all the advocates of each, thus often securing the passage of several measures, no one of which could have succeeded on its own merits. Mr. Cooley thus sums up his review of the authorities, defining the objects of

[Walker *v.* State.]

this provision ; " It may, therefore, be assumed as settled, that the purpose of these provisions was: *first*, to prevent *hodge-podge*, or log-rolling legislation: *second*, to prevent surprise or fraud upon the legislature, by means of provisions in bills of which the titles gave no information, and which might therefore be overlooked and carelessly and unintentionally adopted ; and, *third*, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Constitutional Lim. 143.

It is the settled law of this court, founded on reasoning which seems to us unanswerable, that this provision of the Constitution is not a mere rule of legislative procedure, directory to the General Assembly, but that it is mandatory, and it is the duty of courts to declare void any statute not conforming to it. *Tuscaloosa Bridge Co.* v. *Olmsted*, 41 Ala. 9 ; *Weaver* v. *Lapsley*, 43 Ala. 224. It must also be regarded as settled, that the constitutional mandate is satisfied when the particular subject expressed in the title, fairly construed, embraces every part of the subject matter of the law. *Ex parte Upshaw*, 45 Ala. 234 ; *Ex parte Pollard*, 40 Ala. 77.

The title of the statute we are required to consider is, " An act to restrict the sale of personal property in certain cases." The body of the statute provides, that any person who sells, conveys, *or wilfully destroys* any personal property upon which he has given a written mortgage, lien, or deed of trust, and which is then unsatisfied in whole or in part, or, with intent to delay, hinder, or defraud any person who has any claim thereto, removes such property, &c., shall be guilty of a misdemeanor. The general object indicated by the title is a restraint or limitation on the disposition by sale of personal property. Under this title, there could be introduced into the body of the statute any limitation, or restraint, on the sales of personal property that it is competent for the legislature to impose, whether the property is held by an absolute or a qualified, an equitable or a legal title. Into the body of the enactment could be incorporated, if deemed proper, provisions rendering sales, restrained or limited, criminal offences. But if the Constitution is obeyed, every provision of the statute must have a relation to a sale of personal property. It cannot be supposed that, within the body of the statute, a limitation or restraint could be imposed on the power of bequeathing or making gifts of personal property. These are modes of disposition known to, and recognized by the law, and clearly distinguished from sales. Nor can there, under the title of this statute, be

introduced a provision defining and punishing malicious mischief, or wilful trespasses to personal property. However essential that they should be defined and punished as criminal offences, they are wholly foreign to a restraint or limitation on the power of sale. It might, and probably would have been competent, to embrace under the title of this statute an enactment making the conversion or sale of personal property subject to lien, a criminal offence, though such conversion worked a destruction of the property itself. However this may be, the provision of this statute, declaring a wilful destruction of personal property subject to lien, a misdemeanor, cannot be regarded as framed to meet the view we have suggested. It is intended to punish, in the creator of the lien, an offence akin to that which, if committed by a stranger to the title and possession, would be denominated malicious mischief. Without departing from the letter, spirit, and policy of the Constitution, we cannot sustain this part of the statute. It is wholly foreign to the subject expressed in the title, and has no proper relation to it.

The other provisions of the statute are divisible from this, and capable of full execution without it. They are not vitiated or affected because of the clause we have declared unconstitutional. Cooley's Con. Lim. 147.

The consequence is, the Circuit Court erred in not charging, as requested by appellant, that under the evidence he could not be convicted. For this error, the judgment is reversed, and a judgment will be here entered, discharging the appellant.