BUMP *v.* JEPSON.

,106     641
/138     ²414

1. DRAINS—COLLECTION OF ASSESSMENT—SALE OF LANDS.

Under sections 6 and 7, chap. 6, of the drain law of 1885 (3 How. Stat. §§ 1740*f*6, 1740*f*7), providing that taxes levied under said act or under the law of 1881 shall be a perpetual lien upon the land, and that all of the provisions of the general law for enforcing the payment of taxes shall apply to such drain taxes, lands reassessed under section 14, chap. 6, of the act of 1885 (3 How. Stat. § 1740*g*4), may be sold for non-payment of the tax.

2. BOARD OF SUPERVISORS — ORDERING REASSESSMENT OF DRAIN TAX—ADOPTION OF COMMITTEE REPORT.

The acceptance and adoption by a board of supervisors of the report of a committee recommending that the supervisor of a specified township be authorized to reassess certain drain taxes is a sufficient direction by the board that such taxes be reassessed.

3. DRAIN TAXES—INTEREST.

Interest at the rate of 1 per cent. a month, authorized by the general tax law to be charged upon delinquent taxes, cannot

106 MICH.—41

be added to the amount of a delinquent drain tax, under section 7, chap. 6, of the drain law of 1885 (3 How. Stat. § 1740*f*7), adopting the provisions of the general law relating to the collection of taxes.

4. TAX SALE—VALIDITY—EXCESSIVE INTEREST CHARGE.

A sale of land for taxes including an illegal interest charge cannot be upheld on the ground that the amount for which the land was sold was not in excess of what it would have been if a lawful collection fee, which was omitted, had been added.

5. EQUITY PLEADING—QUIETING TITLE—DEMURRER.

Where a bill to set aside a tax deed as a cloud upon title fails to specify the grounds upon which the sale is claimed to be invalid, or to set forth any facts showing the proceedings to be defective, a special demurrer is properly interposed.

Appeal from Ionia; Davis, J.  Submitted June 5, 1895. Decided October 8, 1895.

Bill by Berkley Bump and others against Charles Jepson and another to set aside a tax deed as a cloud upon the title to complainants' land. Complainants appeal from a decree. dismissing their bill. Reversed.

*John Nichol* and *F. H. Stowe*, for complainants.

*Vosper Bros.*, for defendants.

MONTGOMERY, J.  The complainants filed a bill in the circuit court for the county of Ionia, in chancery, to. remove a cloud from the title of lands of which they were in possession. The complainants allege that the defendants claim title to the lands by virtue of a purchase of the same upon a sale made by the auditor general on the 23d day of May, 1893, and the questions involved in the case relate to the sufficiency of the sale to pass the title of the land to the defendants.

It appears that in 1883 proceedings were taken by the drain commissioner of the township of Danby, in which the lands are located, for the construction of the Cryder-

man Lake drain. The lands were then owned and occupied by Philo Bump, who has since died intestate, the complainants being his heirs at law. The drain was established on the 8th day of November, 1883, and the lands in question were assessed at $31.42. The tax was spread upon the tax roll for 1884, and the lands were regularly returned as delinquent for non-payment of the tax, by the township treasurer. At the October session of 1885 of the board of supervisors, the tax in question was ordered reassessed upon the lands, and a sale was made at the annual tax sale of 1887, and the lands bid in by the State. The lands were reoffered for sale at the annual tax sale of 1893, and again bid in by the State. Subsequently, the defendants became purchasers from the State.

Three points are made by complainants against the validity of this title, and they will be considered in order.

1. It is said that there is no express authority to make sale of lands for taxes spread under the act of 1881, and reassessed under the act of 1885. The point is without merit. Section 14, chap. 6, Act No. 227, Pub. Acts 1885, being section 1740g4, 3 How. Stat., provides that—

"Such taxes, if properly returned to the county treasurer, may be ordered charged back by the board of supervisors, and reassessed upon such lands, in the same manner that unpaid or rejected taxes may be charged back by the auditor general and reassessed under the general provision of law."

And section 6 of the same chapter, being compiler's section 1740f6, provides:

"All taxes levied under the provisions of this act, or of act number two hundred and sixty-nine of the Session Laws of Eighteen Hundred and Eighty-One, with all lawful costs, interest, and charges, shall be and remain a perpetual lien upon the lands upon which they are assessed."

Section 7 provides that—

"If taxes levied for the construction   *   *   *   of any

drain are not collected by the township treasurer, they shall by him be returned, together with the lands upon which they are levied, to the county treasurer, in the same return, at the same time, and in the same manner, in every respect, * * * as lands are returned for State, county, and township taxes, and such taxes shall follow such lands the same as all other taxes, and all the general provisions of law now existing, or that may be hereafter enacted, for enforcing the payment of township, county, and State taxes, shall apply to such drain taxes, and to the lands returned delinquent therefor, in the same manner and with like effect."

There is no mistaking the purport of these provisions,— that the taxes, when reassessed, are to follow the course of other taxes, and be collected in the same manner, which involves, of necessity, a sale of the land to satisfy the taxes.

2. It is claimed that there was no proper order of the board for a reassessment of the tax. A committee of the board reported two lists of drain taxes spread under the tax law of 1881, and returned to the county treasurer as delinquent. One list the committee reported as properly returned to the county treasurer, and the other list as not properly returned. The report of the committee concludes as follows: "Your committee would respectfully recommend that this board authorize the supervisors of the several townships in which such taxes are reported as having been properly returned to reassess the same as per act of 1885 in relation thereto, and that those reported as not having been legally returned not to be so reassessed." The lands in question were comprised in the list reported as properly returned. On motion this report of the committee was accepted and adopted. This was sufficient authorization by the board. See *Boyce* v. *Sebring*, 66 Mich. 210, 216. The present case is unlike that of *Post* v. *Harris*, 95 Mich. 321. The report adopted by the board in that case was one made by a committee appointed "to recapitulate the reports of the several township clerks to the county clerk for all moneys voted

to be raised by the townships." The case turned upon the point that there was no direction by the board to spread the tax, whereas in the present case there was such direction, by the adoption of the report recommending such action, in the regular way.

3. It is claimed that the sale was for an excessive amount, and included an interest charge at the rate of 1 per cent. a month from the time of the assessment. The tax was returned delinquent February 1, 1885, and amounted at that time to $31.42. It was sold and bid in by the State, October 4, 1887, for $38.30, consisting of the following items:

| | |
|---|---|
| Tax | $31 42 |
| Interest | 6 28 |
| Expense of sale | 60 |

The lands were resold by the State in May, 1893, for the amount of the original bid, with an additional interest charge of $12.83.

It is apparent that interest was charged at the rate of 1 per cent. per month. This we held in *Jackson, etc., Tile Co.* v. *Snyder*, 93 Mich. 325, is not permissible in drain proceedings. It is suggested, however, that the county treasurer might have included a charge of 4 per cent. for a collection fee, and that, if this be added, the amount for which the land was sold was not excessive. But no such charge for collection was included, while an excessive interest charge was. In *Case* v. *Dean*, 16 Mich. 12, it was held that an excessive tax could not be validated by showing that it did not exceed the amount which might have been lawfully assessed.

When the bill was filed, it contained no statement of the grounds upon which it was claimed that the sale was invalid, nor did it set out any facts showing defects in the proceedings. A special demurrer was interposed, assigning this defect and others. The demurrer was overruled, with costs. The defendants then answered, and on the trial, it would appear, again raised the objec-

tion.  The demurrer was well taken, and we think the defendants should be allowed costs of the demurrer, and should recover the solicitor's fee paid by order of the court.  Upon the amended bill, complainants are entitled to a decree setting aside the deed, with costs of both courts, less the amount awarded to defendants on demurrer.

The decree will be reversed, and a decree entered here in accordance with this opinion.

The other Justices concurred