Note.—See under (1) 36 Cyc. pp. 1106, 1147, 1148, 1150. (2) 35 Cyc. p. 822 (Anno); 36 Cyc. pp. 1071, 1074, 1076; 25 R. C. L. p. 918; 3 R. C. L. Supp. p. 1434; 4 R. C. L. Supp. p. 1607; 5 R. C. L. Supp. p. 1352. (3) 35 Cyc. p. 822 (Anno).

**DABNEY, v. HOOKER, Judge, et al.**

No. 17766—Opinion Filed Sept. 22, 1926.

(Syllabus.)

1. **Elections—Right to Contest Party Nomination Dependent on Statutes.**

At common law, there existed no right to contest in the courts the title to the nomination of a political party for public office, and none now exists unless specially provided for by statute.

2. **Prohibition—When Writ Issued. Against Inferior Tribunal.**

Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law or is attempting to make an unauthorized application of judicial force.

3. **Statutes—Subjects and Titles—Sufficiency of General Title.**

Section 57, art. 5, of the Constitution of this state, ordaining that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title," is mandatory; but its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation. The title to a bill may be general and need not specify every clause, but it is sufficient if the subject of such clause or section is germane, pertaining to, and referable to the general subject stated in the title.

4. **Same—Statute Giving Right to Contest Election—Validity of Proviso Excepting Primary Elections.**

The proviso "that this act shall not apply to primary elections," being a part of the Act of April 9, 1921, chapter 96, S. L. 1925, is not unconstitutional and void as being in violation of article 5, section 57, of the Constitution, which requires, "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title."

5. **Statutes—Adoption of Another Statute by Specific Reference—Adoption of General Law on Subject—Effect Distinguished.**

Where one statute adopts the particular provisions of another by specific reference, it adopts the second statute as it exists at the time of adoption, and not subsequent amendments of it. But where one statute adopts, not another particular statute or section, but the general law governing a subject, the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law

in force when action is taken, or proceedings are resorted to.

Original proceeding in Supreme Court by Edwin Dabney for writ of prohibition to prohibit the defendant Sam Hooker, District Judge of Oklahoma County, and said court from proceeding further in case No. 50961, wherein the defendant herein, O. H. Searcy, is contesting the nomination of Dabney as candidate for Attorney General. Writ granted.

C. B. Cochran, F. A. Rittenhouse, John Tomerlin, and C. E. Hall, for plaintiff.

M. E. Jordan, Lydick & McPherren, and Kittie C. Sturdevant, for defendants.

MASON, J. At the primary election held August 3, 1926, Edwin Dabney and O. H. Searcy and others were candidates for the nomination of the Democratic party for the office of Attorney General. The State Election Board, upon a canvass of the returns, issued its certificate of nomination to Dabney. Thereupon Searcy instituted a civil action in the district court of Oklahoma county to try the title to such nomination. Dabney objected to the district court of Oklahoma county taking jurisdiction of said contest, on the ground that a contest of the result of a primary election is not a legal right in the absence of a statute specifically granting the right to such contest, and that there is no statute in this state authorizing or permitting a defeated candidate in a primary election to maintain a contest against another to whom a certificate of nomination has been issued. This objection was overruled. This original proceeding was then instituted in this court by Dabney, as plaintiff, filing his petition for a writ of prohibition to issue against Sam Hooker, judge of the district court of Oklahoma county, and O. H. Searcy, as defendants, to prohibit the said district court and judge thereof from proceeding in any manner in said cause wherein Searcy was seeking to contest said nomination.

Is there any authority, statutory or otherwise, which provides for a contest of this nature? At common law there existed no right to contest in the courts the title to the nomination of a political party for public office. Jarman v. Mason, 102 Okla. 278, 229 Pac. 459; Landsdon v. State Board (Idaho) 111 Pac. 133; State ex rel. Hatfield v. Carrington (Iowa) 190 N. W. 390; Bradley v. Board (Mich.) 117 N. W. 649; State v. Woodruff (N. J. L.) 52 Atl. 294.

Therefore, unless the statute authorizes such method of contest, the plaintiff herein is entitled to the relief sought.

Section 6123, Compiled Oklahoma Statutes, 1921, provides:

"All contests arising out of primary elections shall be settled and decided in the same manner as is now or may hereafter be by law provided for general elections, except as herein otherwise provided."

And section 458, Compiled Oklahoma Statutes, 1921, relating to the manner for contesting title to office acquired in a general election, provides:

"The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolished, and the remedies heretofore obtainable in those forms may be had by civil action."

Section 459, Compiled Oklahoma Statutes, 1921, provides:

"Grounds for Action in the Nature of Quo Warranto. Such action may be brought in the Supreme Court or in the district court in the following cases: * ' * Sixth. For any other cause for which a remedy might have been heretofore obtained by writ of quo warranto, or information in the nature of quo warranto."

Section 6104, Compiled Oklahoma Statutes, 1921, provides as follows:

"The ballot shall be counted and return made in such primary election as by law provided for general elections: and primary elections shall in all respects conform to the laws governing general elections, except as herein otherwise provided, and all provisions of the laws governing general elections not in conflict with this chapter are hereby made applicable and put in force herewith."

Sections 6123 and 6104, supra, are part of chapter 40, Elections Primary, and wherever a law governs general elections and is not in conflict with or opposed to the primary law, such law governing general elections, including contests, is applicable to primary elections.

From the foregoing sections it, therefore, appears that where an unsuccessful candidate in a primary election desires to contest his successful opponent's title to the nomination there obtained, and, in so doing, to seek relief not "otherwise provided" in the primary election law, his remedy is "by civil action." Since the adoption of the foregoing sections, however, the Legislature passed the Act of April 9, 1925, (ch. 96, p. 145, S. L. 1925), which, including the title, is as follows:

### "Election Contests.

"An Act amending section 4919 of article 13, chapter 60, of the Revised Laws of 1910, being section 458, article 13, chapter 3, of the Compiled Statutes of 1921, by creating

a right of action to contest election at any time after the issuance of the election certificate or after 20 days after the return of the state, county, township or city election board, and declaring an emergency.

"Be It Enacted by the People of the State of Oklahoma:

"Quo Warranto—Abolished.

"Section 1. That section 458, of the Compiled Laws of Oklahoma, 1921, be and the same is hereby amended to read as follows:

"Section 458. The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolished and the remedies heretofore obtainable in those forms may be had by civil action; provided, that such cause of action may be instituted and maintained by the contestant for such office at any time after the issuance of the certificate of election by the state, county, township or city election boards, and before the expiration of 30 days after such official is inducted in office; provided further, that all suits now pending, contesting such elections, shall not be dismissed because of the prematurity as to time of their commencement, which shall be deemed valid and timely, if commenced after the issuance of the election certificate or after 20 days after the result of said election having been declared by such election board; and provided further, that this act shall not apply to primary election."

Counsel for defendants contend that the title to the foregoing act is not broad enough to permit the proviso "that this act shall not apply to primary election."

The determination of this cause involves the consideration of the constitutionality of said act amending section 458, supra; the operation and effect of that amendatory act upon the right of contest of a primary election as it existed prior thereto; the construction to be placed on section 6123, supra, and section 6104, supra, and the effect of the adoption of the general election laws pertaining to contests by section 6123, supra, making the same applicable to contests in primary elections.

Before discussing these matters, we desire to call attention to the well-established rule of this court that prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law or is attempting to make an unauthorized application of judicial force.

The title of the Act of April 9, 1925, by providing, "An Act amending * * * section 458 * * * of the Compiled Statutes of 1921, * * *" etc., is sufficiently broad to permit an amendment to said section of any matter germane to the subject of said section prior

to the amendment, and said title by providing, "by creating a right of action to contest election at any time after the issuance of the election certificate," is broad enough to permit of an amendment to said section, either enlarging or restricting the right to contest elections. No new matter was brought into said section by the amendatory Act of 1925. It still provides that the writ of quo warranto is abolished; that the information in the nature of quo warranto is abolished, and that the remedies heretofore obtainable in those forms may be had by civil action. The act then proceeds to set out under what circumstances and within what time such civil action can be instituted, and then restricts the election contest provided for by chapter 3. article 13, as amended by the Act of 1925, to general election contests by providing "that this act shall not apply to primary election."

We are not unmindful of the mandatory provisions of section 57, article 5, of our Constitution that "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title." Its requirements, though, are not to be exactingly enforced or enforced in such a technical manner as to cripple legislation.

In State ex rel. City of Durant v. Bonner, County Treasurer, 86 Okla. 280, 208 Pac. 827, this court, quoting from In re County Commissioners Comprising the Seventh Judicial District, 22 Okla. 435, 98 Pac. 557, stated:

"* * * The title of a bill may be very general and need not contain an abstract of the contents of the bill, or specify every clause therein, it being sufficient if they are all referable and cognate to the subject expressed. Everything which is necessary to make a complete enactment, or to result as a complement of the thought therein contained, is included in and authorized by such title expressed in general terms. Weaver et al. v. Lapsley, 43 Ala. 224; Walker v. State, 49 Ala. 329; Lockhart v. City of Troy, 48 Ala. 579; Ballentyne v. Wickersham, 75 Ala. 535; State v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; Lindsey v. U. S. Savings & Loan Association et al., 120 Ala. 172, 24 South. 171, 42 L. R. A. 783; Woodson v. Murdock, 22 Wall. 351. 22 L. Ed. 716; State ex rel. v. Squires, 26 Iowa, 340; Cannon v. Mathes, 8 Heisk. (Tenn.) 504; State v. Miller, 45 Mo. 495; Chiles v. Drake, 2 Metc. (Ky.) 146, 74 Am. Dec. 406; Keller v. State, 11 Md. 525, 69 Am. Dec. 226. Simpson v. Bailey, 3 Or. 515; Lafen v. Dufrocq et al., 9 La. Ann. 350.

"This rule was followed by this court in the cases of State v. Hooker, 22 Okla. 712, 98 Pac. 961; Noble State Bank v. Haskell

et al., 22 Okla. 48, 97 Pac. 590; In re Petition of County Commissioners, 22 Okla. 435, 98 Pac. 557; Pond Creek v. Haskell et al., 21 Okla. 711, 97 Pac. 337; In re J. A. Menefee, Treasurer, et al., 22 Okla. 365, 97 Pac. 1014; Leatherock v. Lawter et al., 45 Okla. 715, 147 Pac. 324."

The title of the act involved in the case at bar purports to amend section 458, Compiled Oklahoma Statutes, 1921, only, and the provisions of the amendment are germane to the subject-matter expressed in the original section.

The case of Pottawatomie County et al. v. Alexander, 68 Okla. 126, 172 Pac. 436, relied on by counsel for defendants. is not applicable to the instant case. The act involved in that case sought to amend section 3 of a prior act of the Legislature, but no attempt was made to amend section 16 of said act, which was in conflict with section 3, as amended.

In Oklahoma City Land & Development Company v. Hare, 66 Okla. 190, 168 Pac. 407, this court held:

"Section 57, art. 5 (Bunn's Ed. 130) of the Constitution of this state, ordaining that 'every act of the Legislature shall embrace but one subject which shall be clearly expressed in its title,'is mandatory; but its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation. The title to a bill may be general and need not specify every. clause in the statute; it being sufficient if they are referable to and cognate to the subject expressed. In re County Commissioners of Counties Comprising Seventh Judicial Dist., 22 Okla. 435, 98 Pac. 557; Leatherock v. Lawter et al., 45 Okla. 715, 147 Pac. 324."

In the body of the opinion it is stated:

"This provision of the Constitution has been construed frequently by this court, and it has been held that the title of the bill may be very general and comprehensive, and that everything that results as a necessary complement, and necessary to make a complete enactment, is included in the subject generally expressed; that it is not necessary in the title of an act to index or indicate with particularity the subject of every section or clause contained in the act, but it is sufficient if the subject of such clause or section is germane, pertaining to, and referable to the general subject stated in the title. Leatherock v. Lawter, 45 Okla. 715, 147 Pac. 424; City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; In re County Commissioners of Counties Comprising Seventh Judicial District, 22 Okla. 435, 98 Pac. 557."

Applying the foregoing rules of construction. it is clear that the title to the act of April 9. 1925, meets the requirements of the Constitution. The proviso "that this act shall not apply to primary election" is merely a restriction upon the application of the provisions of law governing contests in general elections and is germane and appertains to the subject of contest of general elections and is a part of the general scheme of providing procedure for contests of general elections. The title of the act is comprehensive enough to embrace said provision restricting its application to contests of general elections, which is sufficiently related to the general subject-matter of section 458 to bring it within the constitutional requirements.

We must conclude. therefore, that the portion of the act which provides "that this act shall not apply to primary election" is not in contravention to the provisions of the Constitution.

Counsel for defendants next contend that even though the amendatory Act of 1925 be constitutional. the right to contest the primary election is not affected thereby, for the reason that section 458, supra. as it existed at the time of the passage of section 6123, supra, was adopted by said section and became an integral part thereof to the same extent as though section 458, supra, were embodied in the provisions of section 6123. We cannot agree with such contention. The general rule of adopting statutes is announced by the Supreme Court of Idaho in the case of Nampa & Merridian Irr. D'st. v. Barker et al., 223 Pac. 529, in the following language, wherein the court quotes from Lewis' Sutherland on Statutory Construction. section 405, as follows:

"Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. * * *"

"There is another form of adoption wherein the reference is not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied. The Supreme Court of Illinois says: 'Where, however, the adopting statute makes no reference to any particular act by its title or otnerwise, but refers to the general law regulating the subject in hand, the reference will be regarded as including,

not only the law in force at the date of the adopting act, but also the law in force when action is taken or proceedings are resorted to.'

"See Culver v. People, 161 Ill. 89, 43 N. E. 812.

"See, also, Jones v. Dexter, 8 Fla. 276; Kugler's Appeal, 55 Pa. 123; Harris v. White, 81 N. Y. 532; Snell v. City of Chicago, 133 Ill. 413, 24 N. E. 532, 8 L. R. A. 858; Bump v. Jepson, 106 Mich. 641, 64 N. W. 509; Newman v. City, 7 Wash. 220, 34 Pac. 921. The statute in question clearly falls within the second class mentioned in the above quotation."

To the same effect, see notes, Ann. Cas. 1916B, p. 375.

In the instant case section 6123 adopts the general law for contests of general elections as applicable to primary elections without any specific reference to any section or statute. Said section provides as follows:

"All contests arising out of primary elections shall be settled and decided in the same manner as is now or may hereafter be by law provided for general elections, except as herein otherwise provided."

And section 6104 provides that when such general election contest procedure conflicts with the chapter on primary elections it shall have no application.

Section 6123, supra, has never been directly repealed nor modified and is still in force and effect, although the general law on the subject as adopted by it was changed by the Act of June 9, 1925, so as to amend the sections generally adopted and so as to restrict these sections of procedure to the extent that they are made not to apply to primary elections. The words of the statute, "as is now or may hereafter be by law provided for general elections," brings this case clearly within the second class mentioned in the rule above quoted, and as the law now stands there is no provision of the statutes of this state authorizing a plenary action for the contest of a primary election; such rights being purely political, it could not exist except by virtue of some statute authorizing the same.

The argument is advanced that to safeguard against fraud and corruption in primary elections a civil action should be allowed by this court to contest such elections. With this we do not agree. This is not a legislative but a judicial body. We are concerned only with the law as adopted by the lawmakers. It is apparent that the Legislature, at the time of the passage of the amendatory Act of April 9, 1925, intended to abolish the plenary action for contest of

primary elections when they provided "* * * that this act shall not apply to primary election." At the time of the passage of said act the Legislature knew of the existence of section 458, supra. They knew of the existence of section 6123 and section 6104, supra. They also knew that it was inherently impossible to try, by civil action, a contest of a primary election between the date of such primary election and the general election, and for that reason, no doubt, limited the defeated candidate in a primary election to a summary proceeding by recount and mandamus to complete such recount as provided by statute. As above stated, the Legislature saw fit to take this action, and we are not concerned with what prompted them. They may have realized that it would be practically impossible for a defeated candidate in a primary election to institute an action to contest a primary election, try the same in the district court, and, under the rules of procedure, grant the defeated party in such suit the right to appeal in the time intervening between the primary election and the general election. They also had knowledge, no doubt, that under our system of jurisprudence the question would become moot after the general election. Again, it may be that the Legislature realized that a defeated candidate, like a drowning man, grasping at a straw, will oftentimes, while still feeling the sting of defeat, make any sort of allegations of fraud and corruption against the members of the election machinery and his opponents in order to pry into the ballot boxes and secure a recount with the fervent hope that a mistake may be discovered which will redound to his benefit.

It has also been argued that a defeated candidate, who makes charges of fraud and corruption, should at least have an opportunity to establish the same by proof. Be that as it may, there is no statutory law authorizing a contest of a primary election such as was instituted in the district court of Oklahoma county.

It is, therefore, ordered that a peremptory writ of prohibition issue herein as prayed.

BRANSON, V. C. J., and PHELPS, HUNT, and RILEY, JJ., concur. NICHOLSON, C. J., and LESTER, J., dissent.

BRANSON, V. C. J., in concurring said:

I concur in the conclusion reached herein. I do so reluctantly, and only by reason of feeling impelled by reason of the Act of the Legislature of 1925 (chapter 96, Senate Bill 395, Session Acts 1925). Prior to the passage of this act, an action such as instituted in the district court in this case was within

the jurisdiction of such court to entertain, try, and render judgment. If the law stood now as it did prior to the passage of the said Act of 1925, this court would be compelled to deny the writ of prohibition prayed.

Section 6123, C. O. S. 1921, provides:

"All contests arising out of primary elections shall be settled and decided in the same manner as is now or may hereafter be by law provided for general elections. * * *"

This section is found in the primary law adopted in 1908 by the first Oklahoma State Legislature. The primary law, therefore, gave by reference to the provisions of the general election law and the procedural statutes existing in aid thereof, a complete right to be heard in the courts. At the basis of this right was the statute on procedure which existed in Oklahoma Territory, adopted in 1893, and which up to the 1925 Legislature read:

"The writ of quo warranto and proceedings by information in the nature of quo warranto are abolished and the remedies heretofore obtainable in those forms may be had by civil action."

The section following 458 provides the circumstances and conditions under which such civil action might be brought and maintained, and incorporates the conditions in the instant case pleaded in the trial court. This section, along with the general election sections, was drawn to the primary election scheme by the said section 6123, which was a part, as aforesaid, of the primary election law passed by the first Oklahoma State Legislature. The last-quoted section (458) was the section that lay at the base of the power of the district court to exercise jurisdiction upon a petition duly filed, as here, in the nature of a civil action, to contest a nomination and pursue the same to final judgment.

But, for some reason beyond the sphere of this court to ascertain by inquiry or otherwise, the Legislature of 1925 rewrote the said section 458; wrote the same out of existence and substituted in lieu thereof a new section, set out in the opinion, and at the conclusion thereof expressly said:

"That this act shall not apply to primary election."

Thus, we find that the very statute which lay at the basis of the power of the trial court to entertain a civil action from statehood down to 1925 was stripped from the provisions of the law and the very thing on which the district court could have, prior to 1925, rested its jurisdiction in such a case

was specifically taken from such court by the re-enactment and change of the section. Whether the Legislature at the time of the passage of this act fully realized its far-reaching and destructive effect upon contests arising out of primary elections cannot of course be ascertained by us. Apparently it did not, for an examination of the Journal of the Senate as to the vote on the final passage of this bill shows that only one Senator (Brown of Marietta) voted against it. (Senate Journal, 1925, Legislature, page 1828.) And, on the final passage of this bill in the House (House Journal, 1925, Legislature, page 1996), out of a total membership of 96 there were only ten votes against it. But, whether the Legislature fully realized the effect of the re-enactment of this section or not, the acts of the Legislature are binding upon the court as the court finds them to have been passed.

I am, therefore, impelled to concur in the conclusion reached in this opinion.

Note.—See under (1) 20 C. J. p. 119, §122. (2) 32 Cyc. p. 604; 22 R. C. L. p. 19; 3 R. C. L. Supp. p. 1230; 4 R. C. L. Supp. p. 1451; 5 R. C. L. Supp. p. 1191. (3) 36 Cyc. pp 1017. 1018, 1028, 1029. (4) 36 Cyc. pp. 1081, 1039. (5) 36 Cyc. pp. 1152. 1153.