DAVID B. SIMPSON, JESSE DAVIS, W. C. MOONEY AND LUCIEN EVERTS, Plaintiffs and Appellants, *v.* G. W. BAILEY, O. F. CLARK, H. K. SCHOOLING AND O. F. THOMPSON, Defendants and Respondents.

*Appeal from Umatilla County.*

County Seat, Location of.—Constitution.—*Held,* that the act of the legislature changing the location of the county seat of Umatilla county, is constitutional; and that the proceedings of the county officers in pursuance of said act valid. The subject of art. 4, sec. 20, of the constitution is to prevent *matters wholly foreign,* and disconnected from the subject *expressed* in the title of the act from being inserted in the body of the act.

Simpson *v.* Bailey.

THIS is a suit in equity to restrain the defendants, who are the county officers of Umatilla county, from tearing down the old county building at Umatilla landing; and from incurring additional debts and liabilities in behalf of Umatilla county; because the indebtedness of said county, already exceeds the constitutional limit. Plaintiffs also seek in this suit to test the validity of the act of the legislative assembly, approved October 13, 1868, authorizing the removal of the county seat of Umatilla county; and to compel the county officers of said county to remove their offices back to Umatilla city.

Section 1, of the act in question provides for an election to locate the county seat and among other things that "the present location, Umatilla landing, shall be one candidate and Upper Umatilla some where between the mouths of Wild Horse and Birch creeks, the other candidate to be voted upon at said election."

Sec. 2 provides that "the county clerk shall plainly write the above named candidates upon the poll books of said county, as in other cases of like practice," and the candidate receiving the majority of all the votes cast shall be the county seat.

Sec. 3 provides that the county court shall convene within one month after the election, and appoint "three competent persons to locate the site for the erection of new county buildings, and shall immediately select some point between the said mouths of Wild Horse and Birch creeks on the Upper Umatilla as in their judgment shall best subserve the interest of the whole county, and shall give an appropriate name to said new county seat."

Sec. 4, provides for removal within a year; sec. 5, for expenses; sec. 6, repeals inconsistent acts; and sec. 7, that the act shall take effect immediately.

This bill came on for hearing before the circuit court and was dismissed, and the plaintiffs appealed.

*Mitchell, Dolph & Smith,* for the appellants.

*Kelly & Ellsworth,* for the respondents.

PRIM, J.   It is contended that the act of the legislature authorizing the removal of the county seat of Umatilla county is unconstitutional, and that all the proceedings under it are void, for the reason, it is claimed, that several distinct subjects of legislation are embraced in the act, and whereas only one subject is expressed in the title.

Art. 4, sec. 20, of the constitution, provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title of this act is, "an act to change the location of the county seat of Umatilla county." It is true that this act provides for the submission of the question of the change of location to the voters, the selection of the new site and the removal of the county buildings; but we apprehend that those are all matters properly connected with the "change of the location," which is the subject expressed in the title of the act. If the construction contended for by appellants should prevail, the title of a bill would necessarily be nearly as long as the act itself. Such a construction we apprehend was never contemplated by the convention in adopting this provision of the constitution. The object of the provision evidently was to prevent matters wholly foreign and disconnected from the subject expressed in the title from being inserted in the body of the act. This restriction is a very important one, and well calculated to prevent imposition being practiced · upon unsuspecting members, by procuring their votes for bills with fair titles, which contain objectional matters unconnected with the subject expressed in the title. By this act, the change of location of the county seat was made to depend upon the vote of the electors of the county. This act was authorized by art. 1, sec. 21, which provides that "laws locating county may take effect or not upon a vote of the electors interested."

A further objection is made to this act of the legislature, because it authorizes the appointment of three commissioners by the county court, to select the particular site upon which to erect the county buildings. This, it is claimed, was delegating legislative authority, but we think this point is not well taken; for it had already been decided by the electors of the county, that the county seat should be located at a point on the upper Umatilla, somewhere between Wild Horse and Birch Creeks, which were only a few miles apart. The land between these two points was owned by different individuals, and the business of the commissioners was to select the particular site or piece of land somewhere between these points, upon which to erect the county buildings, and make an arrangement with the owner thereof, to obtain the title. Suppose the legislature should pass an act, locating the county seat of Marion County, at the city of Salem. Salem is quite a large place, and its corporate limits are quite extensive; the city is laid off into blocks and lots, and these are owned by different persons. Would it be necessary, in order to make the act valid, for the legislature, after locating the county seat at Salem, to go on in detail, and provide that the county buildings should be erected upon a certain block, in a certain part of the city. We think not. In such case, the county commissioners would be authorized to select the best site they could, anywhere within the city limits. For these reasons, we hold that the act of the legislature, locating the county seat of Umatilla, and the proceedings of the defendants under the same, were valid. The decree of the circuit court dismissing the bill, is affirmed.