STATE OF NEBRASKA, EX REL. C. E. McMONIES, V. CHARLES
McMONIES.

FILED JANUARY 3, 1906.   No. 13,973.

1. **Villages:** POOL-HALLS, REGULATION OF. The charter of villages confers on the trustees of the village power to regulate billiard and pool-halls, but not to supress them. Authority to regulate does not give power to suppress.

2. **Mandamus:** PREMATURE ACTION. An ordinance of the village of Lyons required the proprietors of pool and billiard-halls to pay an annual occupation tax, which was to be paid on the second Tuesday of May or as soon thereafter as they became liable to the tax by engaging in the business. The relator on the first Tuesday in May tendered to the village treasurer the tax required on five tables, which the treasurer refused to accept, and thereupon relator immediately brought this action to compel him to take and receipt for the money. *Held*, That, the tax not being due or payable until the second Tuesday in May, the action was prematurely commenced and the writ properly denied.

ERROR to the district court for Burt county: EDMUND M. BARTLETT, JUDGE. *Affirmed*.

*Bowes & Hodder* and *J. A. Singhaus*, for plaintiff in error.

*P. E. Taylor* and *E. D. Wigton, contra*.

DUFFIE, C.

The first, third, fourth and seventh sections of ordinance No. 84 of the village of Lyons, Nebraska, are in the following language:

"Section 1. Each and every person, firm and association, corporation, or other organization, carrying on the occupation or business hereinafter mentioned, within the corporate limits of the village of Lyons, Nebraska, shall pay to the treasurer of said village annually, as a tax upon said occupation, or business, from the first Tuesday in May of each year the sums hereinafter provided."

"Section 3. There is hereby levied an annual tax upon occupation and business carried on within the limits of said village of Lyons, Nebraska, as follows: Billiard and pool-halls and places using similar tables for amusement or gain, first table $25, each additional table $15, bowling alleys," etc.

"Section 4. No demand shall be necessary for said taxes, but all persons subject to pay tax under this ordinance shall attend at the office of the city treasurer and pay the same on the second Tuesday of May, or, if they shall not be engaged in any business or occupation subject to tax under this ordinance on the second Tuesday of May, then, as soon as they shall be subject to pay such tax by engaging in an occupation or business which is taxed under the provisions of this ordinance or upon publication of this ordinance."

"Section 7. If any tax unpaid under the conditions of this ordinance shall not be paid when the same by terms of this ordinance becomes payable, then the nonpayment of said tax shall be deemed a misdemeanor and the party so offending shall be fined not less than $5 nor more than fifty dollars."

The relator, C. E. McMonies, was the proprietor of a billiard and pool-hall in Lyons during the year 1903, and on May 3, 1904 (it being the first Tuesday of May), he tendered to Charles McMonies, the treasurer of said village, the sum of $85, being the tax required on four pool tables and one billiard table for the year 1904. The treasurer refused to accept the money, and the relator immediately commenced this action, asking a writ of mandamus requiring him to do so and to issue a receipt therefor. The district court refused the writ, and the case is brought here for review.

The respondent defends upon two grounds: (1) That, by an ordinance passed subsequently to the tender, but prior to the trial of the case, it was made unlawful for any person to keep for public use or hire or gain within the village of Lyons any billiard or pool-hall or any billiard

or pool-tables.    (2) That the tender of the tax was prematurely made.    Two ordinances were introduced in evidence, each of which was passed after the commencement of this action, but before the trial in the district court. Each of the ordinances makes it illegal to operate pool and billiard-halls for hire within the village of Lyons.    Numerous objections to these ordinances are made by the relator, and it is urged that there was such irregularity in their passage that they are absolutely void.    We do not care to examine these objections in detail, but base the conclusion at which we have arrived upon the ground that the village trustees have no authority to pass an ordinance making it illegal to maintain a billiard and pool-hall within the limits of the village.    In *Morgan v. State,* 64 Neb. 369, this court, referring to billiard-halls, said:

"The interests of peace, good order and public morality require that the billiard and pool room should be conducted according to such rules and standards, and subject to such restrictions, as may be prescribed by the municipal authorities.    Such a room is not, we concede, *per se* a nuisance, but without regulation and supervision it is likely to become so anywhere, and in a village it is apt to degenerate into a trysting-place for idlers and a nidus for vice."

The plaintiff's pool-hall not being a nuisance *per se,* and the village authorities having no right to suppress it, as such, until by its management and conduct it becomes a' nuisance in fact, what are the powers of the village board in dealing with it and other like places?    Subdivision I of section 39, article I, chapter 14, Compiled Statutes 1903 (Ann. St. 8639), confers upon cities of the second class power "to restrain, prohibit, and suppress billiard tables and bowling alleys kept for public uses"; but section 40 (Ann. St. 8680) of the same chapter which relates to villages, provides that this class of municipalities "shall have the rights, powers, and immunities hereinafter granted, and none other, and shall be governed by the provisions of this subdivision."

It is familiar law that a municipal corporation has such powers only as are expressly granted in its charter, and those fairly implied in or incident to the express grant. 1 Dillon, Municipal Corporations (4th ed.), sec. 89, gives the following as the rule relating to their powers: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the *following powers, and no others:* First, those granted in *express words;* second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." *State v. Irey,* 42 Neb. 186; *Sexson v. Kelley,* 3 Neb. 104; *Hurford v. City of Omaha,* 4 Neb. 336, and other cases in our own reports recognize this rule as the one proper to be applied in cases dealing with the power of the municipalities of this state. It is quite evident from the provisions of section 40, above referred to, that we must look to the language of the statute following section 40, and relating exclusively to villages, to ascertain the powers possessed by such municipalities. Section 46 (Ann. St. 8686) confers upon a village numerous general powers, but none relating to billiard and pool-halls, unless such halls can be classed as places of "amusement," which may be "licensed and regulated." The only other provision which may be fairly construed to cover the control of a billiard or pool-hall by the village authorities is found in subdivision VIII of section 69 (Ann. St. 8719) and is as follows: "To raise revenue by levying and collecting a license tax on any occupation or business within the limits of the city or village, and regulate the same by ordinance." If billiard and pool-halls are included in section 40 under the term "other amusements," the village may license and regulate such business; and by the express language of subdivision VIII of section 69 such places or business may be "licensed and taxed and the con-

duct of the business 'regulated' by ordinance." It is familiar law that the power given a municipality to "regulate" does not authorize it to suppress or prohibit a trade or business, as the very essence of regulation is the existence of something to be regulated. Horr and Bemis, Municipal Police Ordinances, sec. 30; *State v. Mott*, 61 Md. 297, 48 Am. Rep. 105.

It is urged on behalf of respondent that the village has power to prohibit pool and billiard-halls under the general welfare clause of its charter. It cannot be disputed, we think, that, in the absence of express authority, the village has no power to prohibit or suppress any lawful business, recognized as such by the laws of the state. As we have already seen, billiard and pool-rooms are not nuisances *per se,* and the statutes of the state recognize the keeping of such halls as legal and lawful, except that minors shall not be allowed to play at the game or to be in or upon the premises so occupied. (Cr. code, sec. 222.) We conclude, therefore, that villages have no authority to prohibit or suppress billiard and pool-halls within their limits.

The defense that the tender of the tax was prematurely made must, we think, be sustained. By the express provisions of the ordinance, those liable to the tax were to appear at the office of the city treasurer on the second Tuesday of May, and make payment. It is urged by the relator that, because the fiscal year for villages commences on the first Tuesday of May, the tax may be paid at any time after that day. In other words, that the tax became due at the commencement of the fiscal year, but the ordinance extended the time of payment until the second Tuesday of May, after which time the tax became delinquent, and the party in default might be proceeded against for nonpayment. We are not inclined to accept this view of the case. In the absence of this ordinance, the relator was not required to pay any tax. Of necessity, the ordinance imposing the tax must fix a time for its payment. Otherwise there could be no delinquency and no prosecutions for nonpayment until the last day of the fiscal year,

and perhaps not then. So, also, should the treasurer of the village be informed by the terms of an ordinance of the date when any money coming to the village becomes due and payable. He is not required to accept the money of a taxpayer until the tax is due. The taxpayer cannot make him the custodian of a fund until by law he is required to receive it. It would be a question of some doubt whether the treasurer's bond would be liable for taxes paid before their maturity, but whether so or not, it is clear to us that the treasurer cannot be burdened with the safe-keeping of funds until, by the terms of the law or ordinance under which they are paid, they have become due and payable. Upon the ground, therefore, that the tender of this tax was prematurely made, we recommend that the judgment of the district court be affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.