**STATE ex rel. CITY OF DURANT v. BONNER, County Treas.**

No. 12699—Opinion Filed April 11, 1922.

Rehearing Denied July 11, 1922.

(Syllabus.)

1. **Statutes—Enactment—Subjects and Titles—Constitutional Requirement.**

Section 57, art. 5 (Bunn's Ed., sec. 130), of the Constitution of this state, ordaining that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title," is mandatory; but its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation.

**2. Same—Act Relating to Replacement of Street Improvements.**

The title of Senate Bill No. 132, chapter 48, Session Laws of Oklahoma, 1919, entitled: "An act amending section 645 of the 1910 Revised Laws of Oklahoma, providing the method, procedure and manner of reconstructing, repaving, resurfacing or otherwise improving of any street, avenue, alley, lane, or any part thereof, which shall have been theretofore paved, macadamized, curbed, guttered, drained or otherwise improved, providing that any city of the first class shall pay certain portions of such costs, providing for, and levying and collecting of a tax therefor, and repealing all laws in conflict herewith, and declaring an emergency," embraces but one subject, namely, amending section 645, of Revised Laws 1910, and contains a sufficient statement of the subject embraced in the act and is a sufficient index of the contents of the act, and fulfills the requirements of section 57, art. 5, of the state Constitution, supra, so as to constitute the act valid under such constitutional provision.

**3. Same—Taxation—Disposition of Penalties for Delinquent Taxes on Property in City.**

Section 4, Senate Bill 132, ch. 48, Session Laws 1919, is operative and gives cities of the first class the penalties accruing on delinquent taxes on property situated in said cities, and applies to all penalties of delinquent taxes assessed against property located in cities of the first class prior to the taking effect of said act and uncollected at the time of the passage of said act.

**4. Same—Mandamus by City Against County Treasurer—Judgment—Reversal.**

Record examined, and held, that the judgment of the trial court is reversed, and the cause remanded, with directions.

Error from District Court, Bryan County; Geo. S. March, Judge.

Mandamus by the State, on the relation of the City of Durant, against L. S. Bonner, County Treasurer. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Franklin & Cook, for plaintiff in error.

Victor C. Phillips and Stanley Williams, for defendant in error.

JOHNSON, J. The record discloses that on the 8th day of August, 1921, the plaintiff in error, the plaintiff below, and hereinafter referred to as plaintiff, commenced this action in the district court of Bryan county, Okla., against the defendant in error, L. S. Bonner, as county treasurer of Bryan county, Okla., hereinafter referred to as defendant, to secure a writ of mandamus commanding and directing said county treas-urer to deliver to the proper officers of the city of Durant $118.80, the same being penalties on delinquent taxes assessed on property within the corporate limits of the said city of Durant and collected and held by said county treasurer.

The petition alleges, in substance, that the said L. S. Bonner was at the time of the filing of said petition the duly elected, qualified, and acting county treasurer of Bryan county, Okla. That the city of Durant was at the time a municipal corporation existing under the laws of the state of Oklahoma. That said defendant, acting in his official capacity, on the 16th day of July, 1921, collected from the Farmers' Co-Operative Gin Company, of Durant, Okla., taxes, penalties, and costs, $118.80 of which being penalties on delinquent taxes, said taxes being assessed against property belonging to said Farmers' Co-Operative Gin Company, and said property located within the corporate limits of said city of Durant. That the said defendant was holding said $118,80 penalties on delinquent taxes unapportioned to any fund. That demand had been made on said defendant to deliver said taxes to plaintiff, and same had been refused. That plaintiff had no adequate remedy in the ordinary course of law. The petition then prays for an alternative writ of mandamus, and on final hearing a peremptory writ commanding defendant to deliver said sum collected and held by him as penalties on delinquent taxes assessed against said property located in the city of Durant to plaintiff.

On the 15th day of August, 1921, all parties appeared in open court, and the court issued its alternative writ of mandamus as prayed for in plaintiff's petition.

On the 15th day of August, defendant demurred to plaintiff's petition, and the same was on said day overruled and exceptions saved.

Thereafter the defendant filed his answer, admitting all allegations in plaintiff's petition except those in said answer denied. Defendant specially admitted that as county treasurer of Bryan county, Okla., he had collected the penalties on delinquent taxes, as set forth in plaintiff's petition, but denied that he was compelled to or had any duty or authority to turn said monies over to the city treasurer of Durant, or to the city repair fund of the city of Durant. Defendant denied that there was any law requiring him to turn the penalties on delinquent taxes over to the plaintiff or to the city repair fund of plaintiff, for the reason that the act of the Legislature of the state of Okla-

homa, being Session Laws of 1919, chapter 48, is unconstitutional and of no effect in so far as it required said penalties to be paid to the city street and repair fund; the same being in violation of art. 5, section 57, of the Constitution of the state of Oklahoma. As a further defense defendant stated that plaintiff had a complete and adequate remedy at law, and that there was no clear and unqualified duty on the part of the defendant to do the acts prayed for in plaintiff's petition.

At the trial of the case the only evidence introduced was an agreed statement of facts, the essential parts of which read as follows:

"1. That the city of Durant, Okla., is a municipal corporation organized and existing under and by virtue of the Constitution and the laws of the state of Oklahoma, and said defendant, L. S. Bonner, is the duly elected, qualified and acting county treasurer of Bryan county, state of Oklahoma.

"2. That the said L. S. Bonner, as county treasurer of Bryan county, Okla., did, on the 16th day of July 1921, collect from the Farmers' Co-Operative Gin Company of Durant, Okla., a corporation owning real estate within the corporate limits of the city of Durant taxes and penalties assessed against lots Nos. 9, 10, and 11, in block 286, in the city of Durant, Okla., said taxes being the taxes levied for the year 1915, on said property belonging to the said Farmers' Co-Operative Gin Company.

"3. It is further agreed that the penalties as set forth in this stipulation have been collected by L. S. Bonner, as county treasurer, and have not been apportioned or paid to the city of Durant according to the provisions of section 4, chapter 48, of the Session Laws of Oklahoma, 1919. That demand has been made by the said city of Durant, that said penalties be paid said city under section 4, chap. 48, of the Session Laws of Oklahoma, 1919. Such payment has been refused by said county treasurer. That said penalties are now being held by L. S. Bonner, as county treasurer of said county, unapportioned, in a separate fund awaiting court order for disposition."

At the close of the trial the court refused the peremptory writ of mandamus, to which plaintiff excepted and in due time filed his motion for a new trial, which was on the same day overruled, exceptions saved, from which this appeal has been prosecuted.

On the 19th day of July, 1922, there was a stipulation by the parties filed in this court, in substance and effect, that the term of office of the defendant, L. S. Bonner, had expired and that J. A. Moore is the present qualified and acting county treasurer of Bryan county, and he, as such, made appearance in this cause in this court in writing which is as follows:

"Comes now J. A. Moore, the present qualified and acting county treasurer of Bryan county, and enters his appearance in the above cause and agrees to all matters set forth in the above and foregoing stipulation.

"J. A. Moore, County Treasurer of Bryan County, Okla."

The plaintiff's specifications of error are as follows:

"1. Because said order and judgment is contrary to the facts as agreed upon, and as set forth in the stipulation signed by the attorneys of record in this action and introduced as evidence at the trial of this cause.

"2. Because said order and judgment is contrary to the law applicable to this action.

"3. Because the court erred in not rendering judgment in favor of the plaintiff in the agreed statement of facts filed in said cause.

"4. Because of errors of law occurring at the trial excepted to by plaintiff."

Counsel for plaintiff discuss their assignments of error under what they have designated two propositions: First, the validity of the act; and, second, the construction of said act.

As we have seen, the defendant claimed that the act in question was unconstitutional and therefore invalid under art. 5, sec. 57, of the Constitution of Oklahoma.

Section 57 of article 5 of the Constitution of the state of Oklahoma reads as follows:

"Every act of the Legislature shall embrace but one subject which shall be clearly expressed in its title, except general appropriation bills, general revenue bill and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is received, amended, extended or conferred, shall be re-enacted and published at length, provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title to Senate Bill No. 182 (chapter 48, Sess. Laws 1919) reads as follows:

"An act amending sec. 645, of the 1910 Revised Laws of Oklahoma, providing the method, procedure and manner of reconstructing, repaving, resurfacing or otherwise

improving any street, avenue, alley, lane or any part thereof which shall have been theretofore paved, macadamized, curbed, guttered, drained, or otherwise improved, providing that any city of the first class shall pay certain portions of such costs, providing for the levying and collecting of a tax therefor, and repealing all laws in conflict herewith, and declaring an emergency."

That part of section 4 with which we have to do reads as follows:

"All penalties for delinquent taxes including bonds for paving or other special assessment bonds over and above the amount specified in the face thereof, shall be and become the property of the city, and shall be collected by the county treasurer, it being the intent of this provision to have such penalties go to the street repair fund of cities of the first class. All other penalties for delinquent taxes upon property situated within the corporate limits of any city of the first class, except where the same may have been bid in by some individual person or corporation, shall go into the city street repair fund of cities of the first class, and shall be used solely for the purpose of repairing and reconstructing streets and alleys which have heretofore been paved or macadamized."

Section 5 of said act reads as follows:

"Any surplus remaining in the hands of the city after the collection of all installments and the payment of all bonds shall be turned into the general revenues of the city."

Counsel for the defendant in their answer brief say:

"We agree with plaintiff in its contention that the Legislature has the right and power to dispose of penalties on delinquent taxes to the same extent it has to dispose of other fines and forfeitures. The penalty is not a part of the tax, but it is a fine or forfeiture for nonpayment or delinquency.

"We agree with plaintiff in his statement: 'These penalties being a creature of the Legislature, we think no reason can be assigned why the Legislature had not the authority to place them where it sees fit so long as no provision of the Constitution is violated.'

"We also agree with plaintiff's contention that section 4 of Senate Bill No. 132 is operative as to penalties accruing on city, school district, county and state taxes. If said act is valid it operates to give cities of the first class all delinquent taxes, no matter on what portion of the entire levy they may accrue. The language of the act, in our opinion, is too clear to admit of any other construction. But we do not contend that if the portion of the entire bill which related to said penalties had been introduced

as a separate measure and not as 'rider' to Senate Bill No. 132, same would, in all probability, not have become law.

"Do the provisions of said act apply to penalties unpaid at the time said act became effective, or merely to penalties accruing since the provisions of said act went into effect?"

Counsel for the defendant cite no authorities in support of their contention, except In re County Commissioners of Counties Comprising 7th Judicial District, 22 Okla. 435, 98 Pac. 557.

It is also stated by counsel for plaintiff, and counsel seem to all agree, that that case announces the rule in force in this jurisdiction that governs in the determination of the question as to the sufficiency of the title to a bill under section 57, art. 5, of the Constitution, supra, wherein Williams, C. J., speaking for the court, said:

"That the clause is mandatory; that its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation; that the title of a bill may be very general and need not contain an abstract of the contents of the bill, or specify every clause therein, it being sufficient if they are all referable and cognate to the subject expressed. Everything which is necessary to make a complete enactment, or to result as a complement of the thought therein contained, is included in and authorized by such title expressed in general terms. Weaver et al. v. Lapsley, 43 Ala. 224; Walker v. State, 49 Ala. 329; Lockhart v. City of Troy, 48 Ala. 579; Ballentyne v. Wickersham, 75 Ala. 535; State v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; Lindsey v. U. S. Savings & Loan Association et al., 120 Ala. 172, 24 South. 171, 42 L. R. A. 783; Woodson v. Murdock, 22 Wall. 351, 22 L. Ed. 716; State ex rel. v. Squires, 26 Iowa, 340; Cannon v. Mathes, 8 Heisk. (Tenn.) 504; State v. Miller, 45 Mo. 495; Chiles v. Drake, 2 Metc. (Ky.) 146, 74 Am. Dec. 406; Keller v. State, 11 Md. 525, 69 Am. Dec. 226; Simpson v. Bailey, 3 Or. 515; Lafon v. Dufrocq et al., 9 La. Ann. 350."

This rule was followed by this court in the cases of State v. Hooker, 22 Okla. 712, 98 Pac. 964; In re Petition of County Commissioners, 22 Okla. 435, 98 Pac. 557; Noble State Bank v. Haskell et al., 22 Okla. 48, 97 Pac. 590; Pond Creek v. Haskell et al., 21 Okla. 711, 97 Pac. 337; In re J. A. Menefee, Treasurer, et al., 22 Okla. 365, 97 Pac. 1014; Leathercock v. Lawter et al., 45 Okla. 715, 147 Pac. 324.

As we have seen, the title of the act involved purports to amend section 645 of the Revised Laws of 1910, and no other section.

In the case of Pottawatomie County et al. v. Alexander, County Treasurer, 68 Oklahoma, 172 Pac. 436, this court had under consideration the identical question here involved. The act involved in that case sought to amend a single section of a prior act of the Legislature approved May 17, 1915, and section 3 thereof. The question raised here was also raised there, that the act violated section 57, art. 5, of the Constitution, and the governing rule was announced by this court in paragraph 1 of the syllabus as follows:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

It was there held that the act was in violation of the quoted provision of the Constitution. In the body of the opinion, Sharp, C. J., speaking for the court, stated and cited authorities in support thereof, as follows:

"Had the amended act been entitled generally as an act to amend chapter 152, any amendment germane and pertinent might have been made; but, being specifically limited to the section designated, the interpolation by proviso of a new subject dealt with in another section of the old act was not permissible. Any further changes than those designated in the title were precluded by the specific enumeration of those named. As stated in Cooley's Const. Lim. (5th Ed.) 179: 'As the Legislature might make the title of an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must not be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been made more comprehensive, if in fact the Legislature has not seen fit to make it so.'

"The constitutional requirement prescribing the manner in which statutes may be revived or amended. is found in the Constitutions of many of the states. Its purpose is perhaps nowhere better stated than by Justice Cooley in People v. Mahaney, 13 Mich. 481, where the learned jurist, speaking to a similar provision of the Michigan Constitution, said: 'The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were somewhat deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was perhaps sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent.'

"See, also, Mok v. Detroit Bldg. & Sav. Ass'n, 30 Mich. 511; Bush v. Indianapolis, 120 Ind. 476, 22 N. E. 422.

"It is held generally that, where the title of the amendatory act specifies the section or the sections to be amended, the amendment must be germane to the subject-matter of the sections specified, and that amendments of other sections, not specified, will be void. Lewis Sutherland, Stat. Const., sec. 139."

The section of the statute sought to be amended (645) provided that in all cases where the city council shall deem it necessary to pave, etc., any street, avenue, alley, lane, or any part thereof, which shall have been theretofore paved, etc.—in other words, provided for repaving, etc.—and was part of chapter 10, art. 12, Rev. Laws 1910, which provided for the improvement of streets by paving, etc., in the first instance, and section 645 was that section of the chapter that provided for reimproving the streets, and was the only section of the chapter that dealt with reimproving streets.

Chapter 48, or Senate Bill No. 132, the one under consideration, as stated in the title, was to amend section 645, and providing the method, procedure, and manner of reconstructing, repaving, resurfacing, or otherwise improving any street, etc., which shall have been theretofore paved, etc., and providing for the payment therefor by levying and collecting taxes therefor, and repealing all laws in conflict and declaring an emergency, and was upon the same subject to which the original section related, street improvements, and was an act complete in itself, and it seems clear to us that the amendment was germane to the subject-matter of the section specified, and was not an amendment and did not purport to be an amend-

ment to any other section of the statute, and that the same is, therefore, valid.

The defendant in error's last proposition is, Do the provisions of said act apply to penalties unpaid at the time said act became effective, or merely to penalties accruing since the provisions of said act went into effect? Citing section 6774, Rev. Laws 1910, which is as follows:

"All penalties, interest and forfeitures which may accrue to the counties on delinquent taxes, shall be turned into the sinking fund, and all rebates upon taxes allowed by the county commissioners shall be paid out of the sinking fund, and shall take precedence for payment out of such fund over all other charges, except interest charges."

The latter part of section 4, Senate Bill No. 132, provides:

"All penalties for delinquent taxes, including penalties on special assessments and the interest on bonds for paving or other special assessment bonds, over and above the amount specified in the face thereof, shall be and become the property of the city and shall be collected by the county treasurer, it being the intent of this provision to have such penalties go to the street repair fund of cities of the first class. All other penalties for delinquent taxes upon property situated within the corporate limits of any city of the first class, except where the same may have been bid in by some individual person or corporation, shall also go into the city street repair fund of cities of the first class and shall be used solely for the purpose of repairing and reconstructing streets and alleys which have heretofore been paved or macadamized."

Counsel for defendant concede that this provision, if valid, includes the penalties mentioned in the above provision. They say:

"We also agree with plaintiff's contention that section 4 of Senate Bill No. 132 is operative as to penalties accruing on city, school district, county, and state taxes. If said act is valid, it operates to give cities of the first class all delinquent taxes, no matter on what portion of the entire levy they may accrue. The language of the act, in our opinion, is too clear to admit of any other construction. But we do contend that if the portion of the entire bill which related to said penalties had been introduced as a separate measure and not as a 'rider' to Senate Bill No. 132, same would, in all probability, not have become law."

The last quoted provision contained in Senate Bill No. 132 has the effect of changing section 6774, supra, by enacting that all penalties as mentioned in said section accruing on delinquent taxes assessed against property located in cities of the first class, instead of going into the county sinking fund, shall be placed in the street repair fund of cities of the first class. So the question raised is, Do these provisions of the act apply to penalties unpaid at the time said act became effective, or merely to penalties accruing since the provisions of said act went into effect?

We think it is not only effective as to all penalties accruing on delinquent taxes subsequent to the taking effect of said act, but is effective as to all penalties on the delinquent taxes assessed against property located in cities of the first class prior to the taking effect of said act and uncollected at the time of passage of said act.

Section 6774 provided that all penalties be turned into the sinking fund. In the very nature of things, this could not be done until they were collected, and could not vest the sinking fund with any ownership thereof until they were collected, and the act repealing said section provides that all penalties shall be and become the property of the city, and shall be collected by the county treasurer, which clearly indicates that the Legislature intended this act to affect all penalties the title to which was not vested in the county at the time of taking effect of said act, and the county had no vested title nor any interest nor any vested right to penalties which were uncollected at the time of the passage and taking effect of Senate Bill No. 132.

36 Cyc. 1227, we think, is in point; it reads as follows:

"The repeal of a statute under which penalties recoverable in a civil action have been incurred will operate to take away all rights to the recovery of such penalties either by the public or by individuals, unless such rights are prescribed by a saving clause, or such suits have been prosecuted to judgment before the repeal act takes effect."

Also, 36 Cyc. 1229:

"As there can be no vested right to a penalty before final judgment, the repeal of a statute imposing a penalty operates to defeat all actions pending for its recovery, whether maintained in the name of the state or in that of a private individual, and so strictly is this rule enforced that it defeats a pending action even where the repealing act is passed after verdict, or pending an appeal from a judgment of the trial court in favor of a recovery of the penalty."

In U. S. Trust Company, of N. Y., v. Territory, 62 Pac. 987, at page 993 of the opin-

ion, the Supreme Court of New Mexico uses the following language:

"We hold in accordance with many authorities that a statute repealing an earlier law imposing a penalty without a reservation as to penalties already accrued will operate to destroy all right to the recovery of such penalties even in cases pending at the time of the repeal."

We think that all penalties collected after the taking effect of Senate Bill No. 132 belonged to the city, and if the county treasurer collected any of these penalties after the taking effect of the act, that he will hold the same in the capacity of trustee for the city.

The judgment of the district court dismissing the plaintiff's petition is reversed, and the cause remanded with direction to proceed further in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.