## Ex parte R. A. FULLER.

No. A-5668. Opinion Filed Aug. 1, 1925.
(238 Pac. 512.)

McLaury & Hopps, for petitioner.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original proceeding in habeas corpus. The petition in error alleges petitioner was convicted before a justice of the peace of Oklahoma City on a charge of operating a vending and weighing machine, fined the sum of $25, and committed to the sheriff of Oklahoma county until such fine should be paid; that the prosecution on which the petitioner was convicted is based on section 3, c. 162, of the Session Laws of Oklahoma 1925; and that said act is unconstitutional, illegal, and void.

Chapter 162, Session Laws 1925, provides that every machine operated in a public place for the vending of mints, chewing gum, candy, and for the purpose of weighing human beings is liable for a license tax of $10 per

annum, to be collected by the county clerks, and that any person who operates such machine without having a license shall be fined not less than $25 nor more than $100. The title of the act is as follows:

"An act providing for the use of machines and devices in sale or distributing various products, fixing license fees and providing penalty for the violation of the provision of this act."

The act was passed by the Senate on the 21st day of March, 1925, and by the House on the 26th day of March, 1925. The Legislature adjourned on the 28th day of March, 1925. Various reasons are assigned in support of the contention that the act is unconstitutional.

The presumption is that a statute is constitutional, and the court should not declare an act void, unless it is very clear that it is in violation of the Constitution. Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 P. 179; Ex parte Ambler, 11 Okla. Cr. 449, 148 P. 1061; Leach v. State, 17 Okla. Cr. 322, 188 P. 118. But, since the Constitution is the supreme law of the land, all departments of government are bound by its terms and limitations, and, when an act of the Legislature clearly contravenes the limitations of the Constitution, it is the bounden duty of the court to so say when presented in a proper case.

The first contention presented is that the tax is excessive and prohibitive. It is fundamental that the legislative power may not impose on a legitimate business or occupation a license tax so burdensome as to render the business or occupation wholly unprofitable, and under the guise of taxation prohibit the carrying on of such business. It is suggested in the brief of petitioner that the value of these vending machines is approximately $3, and the tax of $10 per annum is so excessive as to amount to a prohibition. Since there is no proof nor stipulation of facts on this point, we are not able under the record pre-

sented to determine this question. Even if the statement in the brief is true, we are wholly without any information as to the earning capacity of such machine, and we are unable therefore to find as a matter of fact that the license fee sought to be assessed is so excessive as to be prohibitory and unreasonable.

Upon the second assignment it is contended that said act is in violation of section 57, art. 5, of the Constitution, as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * * "

From an examination of chapter 162 of the law in question and its title, it is evident that the title does not in any way refer to nor mention machines to be used for the purpose of weighing or showing the weight of a human being or other object. Section 2 of the act, after mentioning the devices in the title, also provides for a tax on machines used for the purpose of weighing. This section of the Constitution has been considered and construed by the Supreme Court of this state on numerous occasions, and it has been generally held that legislative enactments will be sustained if the subject-matter of the act is not in conflict with the general subject-matter expressed in the title. In a somewhat recent case (State v. Johnson, 90 Okla. 21, 215 P. 945), the authorities are reviewed, and it is there said that the title of an act in this state, where the right to enact or to reject laws by the initiative and referendum exists, should be subjected to a closer scrutiny than in a state where no such reservation is made. The title to the act in question refers only to devices for sale or distributing products. The weighing of human beings is not the sale or distribution of any product, and, so far as the act fixes the license fee upon weighing machines, it is within the inhibition of section 57, art. 5, of the Constitution, as the title does not clearly express or include that

class of device. This view of the act in question is not in conflict with the holding of the Supreme Court of this state in the case of State ex rel., etc., v. Bonner, etc., 86 Okla. 280, 208 P. 825, and National Surety Co. v. State, 111 Okla. 180, 239 P. 257.

It is further contended that the act in question is a revenue measure, and as such violates section 33, art. 5, of the Constitution, which prohibits the enactment of any revenue measure during the last five days of a session of the Legislature.

The state contends, however, that the act in question is an exercise of the police power of the state, and is not a revenue measure. If the act is a revenue measure, it is, of course, invalid, in toto. It is not easy in every case to determine whether a given act is an exercise of the police power or an exercise of the taxing power. A license may be provided for under the exercise of either power. Ordinarily the exercise of the police powers is directed towards some business which might affect the public morals, health, or the general welfare of society, such as dance halls, billiard parlors, slaughter houses, and any other business where it may be reasonably necessary to protect the public against imposition and has a reasonable relation to public welfare. State ex rel. Sampson v. Sheridan, 25 Wyo. 347, 170 P. 1, 1 A. L. R. 955; Guthrie, Fourteenth Amendment, pp. 73, 74, 75 and 76, 1 Thayer, Cases on Const. Law, p. 693; Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77.

An act in exercise of the police power is regulatory in its nature. In theory its purpose is to regulate a business or occupation which, if unregulated, might be inimical to the public good, and the fee or tax charged, in theory, is to make compensation for the regulatory service.

The act in question, we think, is not directed at any business which affects the public welfare. The vending

of mints, chewing gum, and candy by a coin machine is no more detrimental to the good order of society than is the vending of such merchandise by a salesman. It may be that such machines compete unfairly with established merchants or fail to bear their just share of public burdens by way of taxation. But to cure such a fault, if it exists, is not an exercise of the police power, nor is there any regulation provided by the act in question. No limitation is placed upon the number of machines that may be installed. Their location is not limited to any particular place of business or location. No qualifications of the persons operating such devices are provided for. No duty is imposed upon the person owning such machines. No system of inspection is provided. The act provides only for the payment of the license tax, and on the failure to pay a penalty by way of fine is imposed. This act is a revenue measure; its purpose was the raising of revenue and not that of regulation, and, since it was enacted within five days of the close of the legislative session, falls clearly within the inhibition of section 33, art. 5, of the Constitution, and is invalid.

The writ is awarded, and the petitioner is discharged.

BESSEY, P. J., and DOYLE, J., concur.