# ED SIMPKINS v. STATE.

No. A-5883.   Opinion Filed April 22, 1926.
On Rehearing Sept. 18, 1926.
(249 Pac. 168.)

Holcombe & Lohman, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county on an information charging him with driving an automobile while intoxicated, and sentenced to pay a fine of $1,000, and to serve a term of 30 days in the state penitentiary.

The evidence is not extensive, and, briefly stated, is that, on the 22d day of March, 1925, the defendant drove an automobile on the streets of Pawhuska and along the state highway, some two miles and a half outside the city, where he was arrested. In the course of the driving he threw a bottle or part of a bottle of whisky from his car, and broke it on the pavement, and, when apprehended, had another bottle in the car. In driving the car he went at a high rate of speed, and from one side of the road to the other, almost overturned, narrowly missed colliding with other cars, and, when arrested, had turned his car crosswise in the road. The evidence is that he was intoxicated, voluble, and pugnacious.

Counsel for defendant have filed an able brief advancing and exhaustively presenting the following assignments

of error: First, that section 3, chapter 16, Session Laws 1923, the act under which the prosecution was instituted, is unconstitutional as violative of section 57, article 5, of the Constitution; second, that said section 3 is void as being a legislative attempt to establish a rule of evidence.

Chapter 16 of the Session Laws of 1923 contains three sections; the first being a section of definition, the second providing the punishment for violation of certain of its provisions, the third making unlawful the driving by one under the influence of intoxicating liquor or by a drug addict, as follows:

"Section 3. It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this act, to operate or drive a motor vehicle on any highway within this state, as defined in section 1 of this act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment * * * and fine."

The title of the act reads:

"An act regulating the driving and operating of motor vehicles, providing punishment therefor, and repealing all laws in conflict therewith, and declaring an emergency."

Section 57, article 5, of the Constitution, in part requires that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. This section has been many times considered by the courts of this state. In re Fuller, 31 Okla. Cr. 289, 238 P. 512; State ex rel., etc., v. Bonner, etc., 86 Okla. 280, 208 P. 825; Holcomb v. C., R. I. & P. Ry., 27 Okla. 667, 112 P. 1023; City of Pond Creek v. Haskell et al., 21 Okla. 711, 97 P. 338; Johnson v. Grady County, 50 Okla. 188, 150 P. 497; State v. Johnson, 90 Okla. 21, 215 P. 945.

Summing up the holding of these various authorities,

it may be said that the intent of the provision of the Constitution referred to, section 57, art. 5, is to prevent the union in the same act of incongruous matters, and of objects having no connection or relation; to prevent surprise in legislation by having matters of one nature embraced where the title expresses another, or, as it is sometimes expressed, to prevent "hodge podge" or "log rolling" legislation; to prevent surprise or fraud upon the Legislature by means of provisions in bills where the title gives no intimation, and which might therefore be overlooked, or carelessly or unintentionally adopted, and to apprise, through such publications of legislative proceedings as is usually made, of the objects of legislation that are being considered, in order that the people may have opportunity to be heard thereon by petition or protest. It is held that the title of an act may be very general, and need not specify every clause in it if they are all referable and cognate to the subject expressed. The title is sufficient if it fairly indicates the general purpose of the act.

A primary rule of construction of statutes, where their validity is attacked upon constitutional ground, requires that the court shall guard against possible usurpation of power by holding an act valid, unless clearly a violation of the constitutional inhibition.

Having in mind the importance of making safe the use of the public highways, particularly those parts that are paved or otherwise hard surfaced, the necessity of proper regulatory enactments to minimize accidents from motor vehicles is apparent. That persons who are habitual users of narcotics and are not capable of discerning and avoiding danger, or persons whose reason and action may be dulled by alcoholic or narcotic indulgence, should be forbidden to drive motor vehicles upon a congested highway requires no argument. The safety of travelers and the rights of the public require regulation. Still, if the

section in question clearly violates section 57, art. 5, as contended, the fact that the legislation is necessary and beneficial should not influence the court to hold it constitutional.

It is contended that section 3, supra, is not embraced in the title, since it "prohibits" driving by the class of persons designated, while the title confers only the power of "regulating" driving; that the words "regulate" and "prohibit" are in no sense synonymous, and the one does not embrace the other, citing: Titsworth v. State, 2 Okla. Cr. 268, 101 P. 288; Overton v. State, 7 Okla. Cr. 203, 114 P. 1132, 123 P. 175; Gastineau v. State, 7 Okla. Cr. 512, 124 P. 464; City of Emporia v. Volmer, 12 Kan. 622; Id. 12 Kan. 633; Bronson v. Oberlin, 41 Ohio St. 476, 52 Am. Rep. 90; People ex rel., etc., v. Busse, 88 N. E. 831, 240 Ill. 338; State ex rel., etc., v. McMonies, 106 N. W. 454, 75 Neb. 443; City of Butte v. Paltrovich, 75 P. 521, 30 Mont. 18, 104 Am. St. Rep. 698; Johnson v. Philadelphia, 47 So. 526, 94 Miss. 34, 19 L. R. A. (N. S.) 637, 19 Ann. Cas. 103.

An examination of these authorities discloses that they do not sustain the contention made. Most of them turn upon the authority of a municipality to suppress or prohibit, under a grant of authority to regulate, some legitimate business such as pool halls, skating rinks, or junk shops. Under a grant of power to regulate, an absolute prohibition or suppression was attempted, which was clearly in excess of the authority conferred. The word "regulate" as ordinarily used means to subject to rules or restrictions; to adjust by rule or method; to govern. The word "prohibit" means to forbid by law; to prevent. It is quite true that the word "regulate" is not synonymous with the word "prohibit." Section 3 does not forbid the driving of motor vehicles upon the public highways. It attempts to govern such driving by a restriction in the na-

ture of a regulation. In regulating the right to drive, there may be incidental prohibition, or the subjecting of the right to reasonable conditions and restrictions. These restrictions may properly provide that children of immature years, persons with defective eyesight, insane, persons under the influence of intoxicants, narcotic addicts, or other irresponsible or improper persons shall not operate motor vehicles on the highway. This is not prohibition, as defendant contends, but a regulation which is both germane and cognate with the regulation of the use of motor vehicles and the prescribing of penalties for violation of such regulation. It is a rule to assist in the fixing of a penalty, a mere detail not necessary to the index in the title. We are clearly of the opinion that section 3 of the act is not in violation of section 57, article 5, of the Constitution.

Considering the second assignment that section 3 is void as a legislative attempt to establish a rule of evidence, it will be observed that this section provides:

"* * * And the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this act. * * *"

In different states statutes have been enacted which provide that, when certain facts are proven, they shall be prima facie evidence of some other fact. These acts are usually held to be a proper exercise of legislative power. Just what the constitutional limitation to this class of acts is we do not find clearly stated, but this much is apparent: That the fact or facts upon which the presumption is to rest must fairly relate to, and have a natural connection with, the main fact, and the presumption of the main fact from the fact actually proven must not be arbitrary or wholly unreasonable, unnatural, or extraordinary. 8 R. C. L. 171, note 2; St. Louis & San Francisco Ry. Co. v. Model Laundry, 42 Okla. 501, 141 P. 970; Modern Law of Evidence (Chamberlayne) § 1029; U. S. v. Ross, 92 U. S. 281,

23 L. Ed. 707; Cleveland, C., C. & I. Ry. Co. v. Wyant, 17 N. E. 118, 114 Ind. 525, 5 Am. St. Rep. 644; Ex parte Smith, 24 Okla. Cr. 415, 218 P. 708.

In considering statutes making the existence of certain facts prima facie evidence of the existence of the main fact, it is generally laid down as fundamental that one presumption cannot be based upon another presumption.

Lawson on Presumptive Evidence in his rule No. 118 states the principle thus:

"A presumption must be based upon a fact and not upon inference or upon another presumption."

This limitation has generally been recognized by the courts. In St. Louis & San Francisco Ry. Co. v. Model Laundry, supra, it was said:

"An inference from uncertain testimonial evidence is not ordinarily, if at all, permitted to be drawn by the jury; and an inference cannot ordinarily, if at all, be predicated upon a fact the existence of which rests upon a prior inference. * * *"

In Columbian National Life Insurance Co. v. Wirthle, 73 Okla. 302, 176 P. 406, it is held:

"Facts upon which an inference may legitimately rest must [it is said] be established by direct evidence, as if they were the very facts in issue, for one presumption cannot be based upon another presumption"—citing authorities.."

See, also, Ex parte Smith, supra.

It is apparent that the presumption here created violates this limitation, since, in order to draw the conclusion of intoxication from the fact of the driver of an automobile having intoxicating liquors on his person or in said vehicle, there must first be the inference that the driver had used the intoxicants, and the further inference that he had used them to such an extent that he was under the influence

thereof to the extent of intoxication. The presumption of intoxication fixed by the statute is also contrary to the fundamental requirement that the inference or presumption of intoxication arises from the possession of the person or in the vehicle of liquors must be a probable or natural hypothesis or explanation of such possession. The inference between the fact of possession and the presumption of intoxication is too remote. The fact of possession of intoxicants on the person or in the vehicle by one charged with the offense of driving an automobile upon the highway is properly admissible in evidence against an accused. Its weight or evidentiary value will depend upon the special circumstances, but certainly no conviction should be had of a person so charged upon the bare fact that he had intoxicants on his person or in the vehicle driven by him, where there is no other evidence of intoxication such as improper driving or irrational conduct.

This court in the case of Caffee v. State, 11 Okla. Cr. 485, 148 P. 680, considered fully the prima facie evidence rule as arising from the possession of intoxicating liquor. We fully adhere to the doctrine announced in that case, but the act here under consideration, we think, goes much further than the law under consideration in that case, and lays down an arbitrary presumption not having a visible connection between the fact proven and the inference to be drawn therefrom. Such presumption is beyond the power of the Legislature to establish.

The fact that the Legislature has embodied this prima facie presumption in the act does not, however, affect the law as a whole, since this provision merely goes to the manner of proving the offense defined. Striking that part of the section making the possession of intoxicating liquor on or about the person or in said vehicle prima facie evidence of intoxication, does not prevent the proof of the commission of the offense by competent evidence. In this case

the evidence was otherwise ample, and its sufficiency is not questioned. The court did not instruct on the presumption, and there is no prejudicial error apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.

On Rehearing.

EDWARDS, J. In the petition for rehearing it is contended that the punishment assessed under the facts shown is excessive, in the assessing of a penitentiary sentence in addition to a fine of $1,000, and upon a further examination of the record we are of the opinion that the judgment and sentence should be modified by omitting the punishment of 30 days' confinement in the penitentiary, and should be affirmed as to the fine of $1,000, and the former opinion is adhered to as thus modified. Mandate forthwith.

BESSEY, P. J., and DOYLE, J., concur.