## DOCK BUTLER v. STATE.

No. A-5249.   Opinion Filed April 24, 1926.
Rehearing Denied May 15, 1926.
(245 Pac. 1004.)

Arnote, McCain & Emery, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county on a charge of driving an automobile while intoxicated and sentenced to pay a fine of $500, and to serve a term of one year in the state penitentiary.

The offense is charged to have been committed on the 1st day of September, 1923.   The evidence discloses that on that day defendant, with Emmett Sharp, A. S. Fisher, and Earl McDonald, drove from McAlester to

Krebs and return. On the road returning to McAlester defendant ran into a Ford car driven by one Corn, in which were some officers who placed him under arrest as being intoxicated. They took two bottles of Jamaica ginger from Emmett Sharp, and part of a bottle from defendant. They then directed defendant to drive on into McAlester, about a half mile distant. They had gone but a very short distance when defendant ran into another car driven by one Jones. There was evidence that, while at Krebs, defendant procured four quarts of "choc" beer, and his party procured, or already had, three bottles of Jamaica ginger. Several of the witnesses testified that defendant was drunk at the time of the first collision; that he was laughing, talking, and hurrahing. Of those in the car with the defendant, Sharp and Fisher pleaded guilty to being drunk. McDonald did not appear at the trial. Defendant denied that he was intoxicated; admitted procuring "choc" beer at Krebs; admitted that he tasted it, but stated he did not drink it because it was not good; admitted the collision with the Corn car, and said that was due to the lights on the car blinding him; stated that he took the bottle of "jake" found on his person to keep the others of his party from drinking it. Defendant presents several assignments of error, and such as are deemed material will be considered.

The contention is first made that the law (section 3, chapter 16, Session Laws 1923, under which the prosecution was had, is unconstitutional as being in violation of section 57, article 5, of the Constitution. This contention has been considered in the case of Simpkins v. State, — Okla. Cr. —, 249 Pac. 168, just decided by this court adversely to the contention of defendant.

Complaint is next made that the court admitted incompetent evidence, prejudicial to defendant. The particular evidence at which this assignment is directed is that the witnesses were permitted to testify that at the

time of, and shortly after, the arrest of defendant he was drunk; that is, that the witnesses were permitted to state their conclusion instead of being required to testify to the acts and conduct of defendant, upon which their conclusions were based. No special knowledge is required of a witness to qualify him to testify as to intoxication or sobriety. Such evidence is not expert evidence, and a witness may describe the facts and circumstances that led to his conclusion, or may simply state the fact of intoxication. 7 Ency. of Ev. 777; Pierce v. State, 53 Ga. 365; State v. Huxford, 47 Iowa, 16; Pace v. State (Tex. Cr. App.) 79 S. W. 531.

Complaint is also made that the court erred in refusing defendant's requested instruction No. 1. The same is as follows:

"You are instructed that, before you can find the defendant guilty of driving the automobile in question while under the influence of intoxicating liquor, at the time and place charged in the information, you must find beyond a reasonable doubt, not only that he had drank intoxicating liquor, but that he was affected by such liquor to such an extent as to have lost the normal control of his body and mental faculties."

No particular objection to the request is apparent, but it is sufficiently covered by the court's instruction No. 4, which informs the jury of the things necessary to be found by them beyond a reasonable doubt before they could return a verdict of guilty.

It is also argued that the punishment is excessive. The punishment is fixed by statute at a fine not to exceed $2,000, and confinement in the penitentiary not to exceed one year. The punishment assessed is less than the maximum, and, while no physical injury was sustained by any one by reason of the offense committed, the law, nevertheless, was violated, and the danger existed. We are not prepared to say that the punishment is so excessive as to indicate passion or prejudice.

Upon an examination of the entire record, we find no error that would warrant a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.