## W. E. HOLMES v. STATE.

No. A-5866.   Opinion Filed April 30, 1927.
(255 Pac. 722.)

Champion, Champion & Fischl, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Carter county on a charge of driving an automobile while intoxicated and was sentenced to serve a term of one year in the state penitentiary.

The facts disclosed by the record are, in substance, as follows: On January 30, 1925, defendant drove an automobile down Main street, in the city of Ardmore, and ran into a Ford roadster which was parked; he then cut the corner on Washington street, drove up that street and struck two other cars, and in backing away from one of these struck another; he then drove to a garage and as he entered struck the door. The officer who arrested him testified that he smelled whisky on his breath, and that he was drunk enough to stagger. Other witnesses testified he was drunk. Defendant testified that he had taken a drink of "jake" from a Coca-Cola glass. He explained his erratic driving by saying there was something wrong with the car, that it did not steer right and "wiggled around."

Defendant has filed an exhaustive brief contending that the act upon which the prosecution is based (section 3, c. 16, Session Laws 1923) is unconstitutional as in conflict with section 57, article 5, of the state Constitution. This is no longer an open question in this state. The contention made has several times been decided adversely to defendant's claim. McHenry v. State, 34 Okla. Cr. 154, 245 P. 1001; Butler v. State, 34 Okla. Cr. 239, 245 P. 1004; Simpkins v. State, 35 Okla. Cr. 143, 249 P. 168. In the cases cited, the constitutionality of this statute has been fully considered. The law as announced in those cases is fully adhered to.

The only other matter presented in the brief is that the punishment is excessive, and that this court, under the power vested in it by section 2820, Comp.

Stat. 1921, should modify the judgment and sentence. It is true that no person was injured as a result of the acts of defendant, but the evidence, however, clearly discloses that persons upon the highway were endangered by defendant's acts and the punishment assessed is not so excessive as to require this court in the furtherance of justice to modify the judgment and sentence.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.