## A. L. BROWN v. STATE.

No. A-7134. Opinion Filed April 12, 1930.
Rehearing Denied April 26, 1930.
(286 Pac. 911.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged with willfully, unlawfully, feloniously, and wrongfully, while under the influence of intoxicating liquor, driving an automobile in and upon the public highways in the city of Perry, Noble county, Okla., and sentenced to imprisonment in the penitentiary for six months and to pay a fine of $500; from which judgment the defendant has appealed.

The testimony on behalf of the state, in substance, shows that on or about the 5th day of July, 1927, the defendant was driving his car upon the streets of Perry, Okla., and that he drove over near the Santa Fe tracks ·

where the officers came upon him; that he was under the influence of intoxicating liquor. One of the witnesses for the state testified he was riding with the defendant, and that he and the defendant took some drinks; other testimony tends to show that prior to the arrest of the defendant that he and a man by the name of Quick ran into the car of another party somewhere near the north line of the city of Perry. The defendant denies he was under the influence of intoxicating liquor and denies his action or conduct was such as to indicate he was intoxicated. It is not deemed necessary to set out the testimony in full.

The defendant assigns twelve errors alleged to have been committed by the trial court. In his twelfth assignment the defendant insists that the court erred in not holding the act under which the plaintiff in error was prosecuted and convicted as unconstitutional and void, for the reason that the contents of said section is not clearly stated in the title of said act. This prosecution is based upon section 3, c. 16, Session Laws 1923, which is in part as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor * * * to operate or drive a motor vehicle on any highway within this state, * * * and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, * * * or by imprisonment and fine."

This section has been passed upon by this court and the constitutionality of the act sustained. Simpkins v. State, 35 Okla. Cr. 143, 249 Pac. 168.

The defendant further complains that the court erred in giving its instructions to the jury, and in refusing to give the requested instructions of the defendant. From an examination of the instructions given by the court, and in

the instructions requested and refused, we hold that the instructions of the court properly advised the jury as to the law, and the court did not err in refusing to give the instructions requested by the defendant. Welch v. State, 43 Okla. Cr. 47, 277 Pac. 280.

The defendant questions the sufficiency of the evidence to sustain the conviction. A careful examination of the record shows that the evidence is sufficient to sustain the judgment. The defendant further complains of the admission of immaterial and incompetent evidence. This court will not reverse a case on the ground of the admission of immaterial evidence unless from an examination of the record it appears the rights of the defendant were prejudiced thereby.

There are several other errors assigned by the defendant, but from an examination we find they do not possess sufficient merit to reverse this case. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law applicable to the facts in the case. Finding no prejudicial errors in the record sufficient to reverse the case, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.